1
2
3
4                     IN THE UNITED STATES DISTRICT COURT
5                    FOR THE EASTERN DISTRICT OF CALIFORNIA
6
7    LORRAINE BROWN,                  )
                                      )
8              Plaintiff,             )    2:09-cv-03293-GEB-KJM
                                      )
9         v.                          )    ORDER GRANTING IN PART AND
                                      )    DENYING IN PART DEFENDANTS'
10   GMAC MORTGAGE, LLC; GREENPOINT   )    MOTION TO DISMISS*
     MORTGAGE FUNDING, INC.; ETS      )
11   SERVICES, LLC,                   )
                                      )
12             Defendants.            )
                                      )

13             Defendants GMAC Mortgage, LLC ("GMAC") and ETS Services, LLC

14   ("ETS") (collectively, "Defendants") filed a motion to dismiss

15   Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6)

16   for failure to state a claim upon which relief can be granted.

17   Defendant Greenpoint Mortgage Funding, Inc. filed a "Joinder of [GMAC

18   and ETS'] Motion to Dismiss" which is stricken since it fails to

19   comply with the notice requirement of the applicable Local Rule.  For

20   the following reasons, Defendants' motion is granted in part and

21   denied in part.

22                 **I.   FACTUAL ALLEGATIONS AND PLAINTIFF'S CLAIMS**

23             This case concerns a mortgage loan Plaintiff obtained on her

24   property and a subsequent foreclosure sale of her property.  "On or

25   about September 6, 2006, [P]laintiff executed a promissory note for

26   $313,600 in favor of Greenpoint, which . . . was secured against the

27   ──────────────────

28        *    This matter is deemed suitable for decision without oral
     argument.  E.D. Cal. R. 230(g).

                                      1

Property by a deed of trust recorded on September 27, 2006 as instrument number 000452727453 in the office of the Sacramento County Recorder." (Compl. ¶ 12.) "Thereafter, GMAC, in a capacity as lender/beneficiary and loan servicer, and ETS, in a capacity as trustee of the subject deed of trust, purportedly acquired an interest in the aforesaid note and deed of trust by way of assignment, endorsement, merger, or operation of law." (Id. ¶ 13.) "On May 29, 2009, at 8:30 a.m., [P]laintiff faxed defendants written notices of rescission of the subject loan pursuant to the Truth in Lending Act . . . ." (Id. ¶ 14.) "On May 29, 2009, at approximately 10:30 a.m., defendants . . . caused the property to be sold to GMAC at public auction." (Id. ¶ 15.)

Plaintiff alleges the following five claims against GMAC: (1) violation of the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"); (2) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq. ("TILA"); (3) wrongful foreclosure; (4) breach of the implied covenant of good faith and fair dealing; and (5) "set aside trustee's sale". Plaintiff alleges the following two claims against ETS: (1) wrongful foreclosure; and (2) "set aside trustee's sale".

## II. Legal Standard

A Rule 12(b)(6) motion "challenges a complaint's compliance with . . . pleading requirements." Champlaie v. BAC Home Loans Servicing, LP, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D. Cal. Oct. 22, 2009). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the

grounds upon which relief rests . . . ." <u>Bell Atlantic Corp. v.</u>
<u>Twombly</u>, 550 U.S. 544, 555 (2007).  Further, "[a] pleading that offers
labels and conclusions or a formulaic recitation of the elements of a
cause of action will not do.  Nor does a complaint suffice if it
tenders naked assertions devoid of further factual enhancement."
<u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

        To avoid dismissal, the plaintiff must allege "only enough
facts to state a claim to relief that is plausible on its face."
<u>Twombly</u>, 550 U.S. at 547.  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the misconduct
alleged." <u>Iqbal</u>, 129 S. Ct. at 1949.  Plausibility, however, requires
more than "a sheer possibility that a defendant has acted unlawfully."
<u>Id.</u>  "When a complaint pleads facts that are merely consistent with a
defendant's liability, it stops short of the line between possibility
and plausibility of entitlement to relief." <u>Id.</u> (quotations and
citation omitted).

        In evaluating a dismissal motion under Rule 12(b)(6), the
court "accept[s] as true all facts alleged in the complaint, and
draw[s] all reasonable inferences in favor of the plaintiff." <u>Al-Kidd</u>
<u>v. Ashcroft</u>, 580 F.3d 949, 956 (9th Cir. 2009).  However, neither
conclusory statements nor legal conclusions are entitled to a
presumption of truth. <u>See Iqbal</u>, 129 S. Ct. at 1949-50.

## III. Discussion

### A. HOEPA

        Defendants seek dismissal of Plaintiff's HOEPA claim,
arguing Plaintiff has not alleged facts showing that HOEPA is
applicable to her loan. (Defs.' Mot. 5:13-6:5.)  Plaintiff responds

3

she "has stated a claim for violation of HOEPA" but "to the extent she has not adequately plead[ed] that the subject loan was covered under HOEPA, she seeks leave to amend."  (Opp'n 2:10-23.)

HOEPA applies only to "a special class of regulated loans that are made at higher interest rates or with excessive costs and fees." Lynch v. RKS Mortg. Inc., 588 F. Supp. 1254, 1260 (E.D. Cal. 2008) (quotations and citations omitted).  "In order to be subject to the protections afforded by HOEPA, one of two factors has to be established.  Either the annual percentage rate of the loan at consummation must exceed by more than [8] percent the applicable yield on treasury securities, or the total points and fees payable by the consumer at or before the closing has to be greater than 8 percent of the total loan amount, or $400.00." Lynch, 588 F. Supp. 2d at 1260; see also 12 C.F.R. § 226.32(a)(1)(i) (stating that the annual percentage rate may not exceed the yield on treasury securities by more than "8 percentage points for first-lien loans, or by more than 10 percentage points for subordinate lien loans.").

Plaintiff has not alleged facts "demonstrat[ing] that the mortgage [she] obtained qualified for protection under HOEPA . . ." Lynch, 588 F. Supp. 2d at 1260.  Therefore, since Plaintiff has not adequately pleaded her loan is covered by HOEPA, and she has requested leave to amend this claim, Plaintiff's HOEPA claim is dismissed as to all defendants in this action.

**B.   TILA**

Defendants also seek dismissal of Plaintiff's TILA claim for damages alleged against GMAC, arguing it is time-barred by the one-year statute of limitations. (Defs.' Mot. 4:25, 6:19.)  Plaintiff does not respond to this portion of Defendants' motion.  Rather,

4

Plaintiff argues she timely filed her notice of rescission of her
loan.  However, Plaintiff has not stated a TILA rescission claim
against GMAC.  Plaintiff alleges Greenpoint, not GMAC, owned the
property at the time she gave notice of rescission.  Plaintiff has not
alleged that GMAC ever received a subsequent notice of rescission; nor
has she alleged that GMAC had notice of the first notice of
rescission.  Further, Plaintiff does not allege she seeks rescission
under her TILA claim; nor does she allege she seeks rescission in her
Prayer for Relief.  Rather, she alleges she seeks "economic and non-
economic damages."  (Compl. ¶ 21.)

　　　　Actions under TILA for actual or statutory damages must be
brought "within one year from the date of the occurrence of the
violation."  15 U.S.C. § 1640(e).  "[A]s a general rule[,] [this]
limitations period starts [to run] at the consummation of the
transaction."  King v. California, 784 F.2d 910, 915 (9th Cir. 1986.)
"Consummation" is defined under TILA as "the time that a consumer
becomes contractually obligated on a credit transaction."  Grimes v.
New Century Mortg. Corp., 340 F.3d 1007, 1009 (9th Cir. 2003) (quoting
12 C.F.R. § 226.2(a)(13)).  However, the doctrine of equitable tolling
may "suspend the limitations period" "in certain circumstances," such
as where the allegations in the complaint permit a reasonable
inference that the borrower did not have a reasonable opportunity to
discover the alleged fraud or nondisclosures that form the basis of
the Plaintiff's TILA claim.  Id. at 914-15; Al-Kidd, 580 F.3d at 956.

　　　　Plaintiff alleges the TILA violations occurred on September
6, 2006, the date Plaintiff entered into the loan agreement and
consummated the loan transaction.  (Compl. ¶ 12.)  Since Plaintiff did
not bring her TILA damages claim until August 28, 2009, which is well

over one year after the September 6, 2006 date on which the loan
transaction was consummated, Plaintiff brought this claim after the
one-year statute of limitations period.  Further, Plaintiff fails to
allege any facts in her Complaint which would permit drawing a
reasonable inference that she did not have an opportunity to discover
the alleged fraud or nondisclosure that form the basis of her TILA
damages claim before the limitations period expired.  Therefore,
Plaintiff's TILA damages claim against GMAC is dismissed.

**C.   Plaintiff's State Claims**

        Defendants also seek dismissal of Plaintiff's state claims.
However, Defendants have not shown that these claims are
insufficiently plead.  Therefore, Defendants' motion to dismiss
Plaintiff's state claims is denied.

## IV.   Conclusion

        For the stated reasons, Defendants' motion to dismiss is
granted in part and denied in part.  Plaintiff is granted leave to
amend any claim that has been dismissed, provided that the amended
complaint is filed within fourteen (14) days of the date on which this
order is filed.

Dated:  May 21, 2010

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge