IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
LORRAINE BROWN,                 )
                                )
          Plaintiff,            )   2:09-cv-03293-GEB-KJM
                                )
     v.                         )   ORDER GRANTING MOTION TO
                                )   DISMISS AND REMANDING STATE
GMAC MORTGAGE, LLC; GREENPOINT  )   LAW CLAIMS*
MORTGAGE FUNDING, INC.; ETS     )
SERVICES, LLC,                  )
                                )
          Defendant.            )
_____)
```

Defendants GMAC Mortgage, LLC ("GMAC"), Greenpoint Mortgage Funding, Inc. ("Greenpoint"), and ETS Services, LLC ("ETS") (collectively, "Defendants") filed a motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff has neither filed an opposition nor a statement of non-opposition to the dismissal motion as required under the applicable local rule. For the following reasons, Plaintiff's TILA rescission claim is dismissed and Plaintiff's state law claims are remanded to the Superior Court of California, County of Sacramento, from which this action was removed.

**I. FACTUAL ALLEGATIONS AND PLAINTIFF'S CLAIMS**

This case concerns a mortgage loan Plaintiff obtained on her property and a subsequent foreclosure sale of her property. "On or

---

\* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

about September 6, 2006, [P]laintiff executed a promissory note for $313,600 in favor of Greenpoint, which . . . was secured against the Property by a deed of trust recorded on September 27, 2006 as instrument number 000452727453 in the office of the Sacramento County Recorder." (First Amended Compl. ("FAC") ¶ 11.) "On May 29, 2009, at 8:30 a.m., [P]laintiff faxed GMAC, and GMAC received, written notice of rescission of the subject loan pursuant to the Truth in Lending Act . . . ." (Id. ¶ 13.) "On May 29, 2009, at approximately 10:30 a.m., defendants . . . caused the property to be sold to GMAC at public auction." (Id. ¶ 14.)

Defendants filed a motion to dismiss Plaintiff's original complaint which was granted and denied in part in an order filed on May 24, 201. That order also granted Plaintiff leave to amend both her Home Ownership and Equity Protection Act and Truth in Lending Act ("TILA") damages claims; however, Plaintiff declined to allege these claims in her first amended complaint. Plaintiff alleges in her first amended complaint only a TILA rescission claim against GMAC[1] and three state law claims against GMAC and ETS.

## II.  Legal Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). To avoid dismissal, Plaintiff must allege "enough facts to state a claim

---

[1] Plaintiff also alleges each claim against "DOES 1 to 20"; however, the April 23, 2010 Status (Pretrial Scheduling) Order dismissed Does 1 through 20 as Defendants "[s]ince Plaintiff ha[d] not filed a status report justifying Doe defendants remaining in this action." (Docket No. 27 1:20-22.) Therefore, allegations in the first amended complaint against the Doe defendants are disregarded for purposes of resolving Defendants' dismissal motion.

2

to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). When considering a dismissal motion, all "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). However, this "tenet . . . is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. ---, 129 S.Ct. 1937, 1940 (2009).

### III. Discussion

#### A. Plaintiff's TILA Claim

Defendants seek dismissal of Plaintiff's TILA rescission claim, arguing Plaintiff cannot seek rescission against GMAC since Greenpoint was the original lender, and GMAC was merely the servicer of the loan at the time Plaintiff faxed her notice of rescission. (Defs.' Mot. 6:5-19.) Defendants also argue Plaintiff's allegations are "unsubstantiated and conclusory allegations of law." (Id. 8:16-18.)

Under 15 U.S.C. § 1635(a) a consumer who has the right to rescind a transaction may do so "by notifying the creditor . . . of [her] intention to do so." Here, Plaintiff alleges she "faxed GMAC written notice of rescission of the subject loan" at 8:30 a.m. on May 29, 2009, two hours before the property was sold to GMAC at a public auction. (FAC ¶¶ 13-14.) However, Plaintiff alleges Greenpoint, the original creditor, not GMAC, owned the property at the time she gave notice of rescission. (Id. ¶ 11.) Plaintiff has not alleged that GMAC ever received a notice of rescission while it owned the subject property, or that the alleged TILA violations were "apparent on the face of the disclosure statement" GMAC received after purchasing the

3

property.  15 U.S.C. § 1641(a).  Further, it appears "the TILA rescission provision no longer applie[s]." Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (holding that although plaintiffs gave notice of rescission before sale of their home, once the home was sold, "the TILA rescission provision no longer applied and only the damages provision remained as a cause of action") (citing 12 C.F.R. § 226.23(a)(3) ("[T]he right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.")). Therefore, Defendants' motion to dismiss Plaintiff's TILA rescission claim is granted.  Since Plaintiff has already been given an opportunity to cure the deficiencies of her TILA claim, failed to oppose Defendants' second dismissal motion, and has not shown that the TILA rescission provision is a viable claim against the movants, granting leave to amend would be futile.  Therefore, Plaintiff's TILA claim is dismissed with prejudice.

### B.  Plaintiff's State Law Claims

Since only Plaintiff's state law claims remain, the Court may consider whether to continue exercising supplemental jurisdiction. See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (suggesting that a district court may, but need not, sua sponte decide whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) after all federal law claims have been dismissed).  Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state law] claim" when "all claims over which it has original jurisdiction" have been dismissed.  "While discretion to decline supplemental jurisdiction over state law claims is triggered by the presence of one

of the conditions in § 1367(c)(3), it is informed by the . . . values of economy, convenience, fairness, and comity." <u>Acri</u>, 114 F.3d at 1001. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of [the] factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988). "Further, primary responsibility for developing and applying state law rests with the state courts." <u>Curiel v. Barclays Capital Real Estate Inc.</u>, 2010 WL 729499, at *1 (E.D. Cal. 2010).

Here, considerations of comity weigh heavily in favor of declining supplemental jurisdiction since all remaining claims arise under state law. "Needless decisions of state law should be avoided . . . ." <u>Gibbs v. United Mine Workers of Am.</u>, 383 U.S. 715, 726 (1966). Further, federal judicial economy is promoted by declining to exercise supplemental jurisdiction. <u>See</u> <u>Otto v. Heckler</u>, 802 F.2d 337, 338 (9th Cir. Cir. 1986) (stating that "[t]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction"). Here, "[t]here is no prevailing reason for this court to maintain jurisdiction to preserve judicial economy." <u>Meza v. Matrix Serv.</u>, 2010 WL 366623, at *4 (E.D. Cal. 2010). Finally, considerations of convenience also weigh against exercising supplemental jurisdiction since the Superior Court of California, County of Sacramento is located in close proximity to this federal court. <u>See</u> <u>id.</u> (finding that convenience weighed against the exercise of supplemental jurisdiction where "the state and federal fora are located in Sacramento, only blocks from one another, making both equally convenient for the parties.").

Accordingly, the pertinent factors do not weigh in favor of the continued exercise of jurisdiction, and the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Therefore, those claims will be remanded under 28 U.S.C. § 1367(c)(3).

### IV. Conclusion

For the stated reasons, Defendants' motion to dismiss Plaintiff's TILA rescission claim is granted with prejudice and Plaintiff's state law claims are remanded to the Superior Court of California, County of Sacramento, from which this case was removed.

This case shall be closed.

Dated:  August 20, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge